Mr. Justice Thachek
delivered the opinion of the court.
This is a writ of error to the district chancery court at Holly Springs.
Eliza White filed her bill, alleging that Joseph Trotter, a non-resident, was indebted to her in a large sum ; that he secured the debt by a mortgage in Louisiana upon a tract of land, and numerous slaves, which property he had previously encumbered by another mortgage to secure another debt of a smaller amount; that the slaves, by means of a fraudulent and void sale in Louisiana, came into the possession of Silas F. Trotter, a resident of this state, and are now within the jurisdiction of this court; and that she is fearful that they will be removed from this state. Upon filing the bill, an injunction and attachment were procured and issued. At the return term of process upon the bill, which had been executed upon Silas F. Trotter, an order was made discharging the attachment, but an affidavit having been filed as to the non-residence of Joseph Trotter and other defendants, a further order was made to secure the property to answer the final decree, in which it was permitted to either Silas F. Trotter or the complainant, upon executing a required bond, to take and keep possession of the slaves in the mean time, the privilege being first accorded to Silas F. Trotter.
The defendant below has sued out this writ of error, and, therefore, we are only required to pronounce upon the propriety of the order made to secure the property pending litigation, as by that order alone can he claim to have been prejudiced.
The statute H. & H. 520, § 63, by virtue of which this order was made, authorizes it upon certain conditions. The first con *611 dition is, that a suit must have been - commenced “ for relief in equity.” The statute does not restrict the remedy to secure the property to suits commenced for any particular or peculiar relief in equity, but allows it in all proper suits in equity where from their nature it is applicable and fit. In this case, the bill, upon its face, shows a sufficient ground for equitable interposition and the security of the property is essential to effectual relief ultimately. In the next place, the statute requires the existence of a non-resident defendant, and, as to the character of the suit, others within the state having effects of the absent defendant. Here, the bill charges that the sale of the property in Louisiana to Silas F. Trotter was fraudulent and void, and hence alleges that the title has never, in point of law, passed from Joseph Trotter, but still remains in him. No appearance of the absent defendants was made, or security entered by them for performing decrees, but affidavit was duly made of their non-residence, and process had been served upon Silas F. Trotter, the defendant in this state. All things to be done or shown by the requisitions of the statute and according to law, appear by the bill and proceedings. Hence we cannot see what objection can reasonably be taken to this order, it having been granted in a case in all respects according with the statute. Any argument upon the hardship of the case or the violence of the remedy is out of place, and, in fact, the statute but carries out a leading principle of equity jurisdiction, which permits and requires such a tribunal to ensure the presence of property, in a proper case, to respond its concluding decrees. Besides, as to the question of the propriety of such an order, this court has said, in Comstock et al. v. Rayford et al. 1 S. & M. 442, which was a case in most respects similar to the present, that, “ when the home defendant has been served with process, and at the return term an affidavit is made as to the absence of the other defendant, the court may there make an order for the safe keeping of the effects, and require surety for their production to answer the decree, or may direct them to be delivered to the complainant upon his giving surety for the return.” Upon principle, as well as upon the authority of our own decisions, this order was legitimately made.
*612 In the case of Comstock et al. v. Rayford et al., we intimated that a party had a right to obtain an injunction, at the time of the bill filed, upon a proper case, to prevent the transfer or removal of the property involved. We take this occasion to express decisively the opinion that such an exercise of power in. equity, upon a sufficient and proper showing for it, would be in keeping with the true end and aim of equitable jurisdiction, because, without it, proper and full relief-might be entirely defeated in some cases.
The objection taken, in the present case, that the suit has been instituted by Eliza White, as administratrix, without having shown that letters of administration have been procured by her in this state, cannot avail. The notes, evidencing the debt, were made payable to her as administratrix, and she can prosecute the suit as in her own name.
Decree affirmed.